JONES, JUDGE:
The claimant, Leonard Johnson Funeral Home, Inc., seeks payment of the sum of $1,200.00 for the Paul Guy Moore funeral services performed in September, 1973, and compensable in that amount under an award by the respondent, Workmen’s Compensation Fund. The respondent admits liability in the amount of $1,200.00 under West Virginia Code 23-4-4, but says it is entitled to an offset of $500.00 by reason of an erroneous payment in that amount to the claimant for funeral services rendered in an earlier, unrelated claim.
In 1969, the State Compensation Commissioner determined that the claim of Opal Kirk for the death of her husband, Harold A. Kirk, was compensable and on July 7 of that year the then allowable award of $500.00 was paid by the respondent to the claimant. Thereafter, on October 10, 1972, pursuant to a Workmen’s Compensation *196 Appeals Board ruling, the original order was set aside and the claim rejected on the ground that Kirk’s death was not a result of an injury received in the course of his employment. Under date of April 16, 1973, the respondent demanded that the claimant refund the erroneous payment. The claimant did not comply, and on or about January 10, 1974, after deducting the $500.00 paid on the Kirk account, a State warrant for $700.00 was issued and delivered to the claimant as payment in full of the Paul Guy Moore account, which payment was refused and the warrant was returned to the respondent. The respondent contends that in cases involving payments to doctors, hospitals and funeral homes, it is the customary practice of the respondent to correct erroneous payments on account by offsetting obligations later incurred.
It is the Court’s view of this matter that the estate of Harold A. Kirk and his widow, Opal Kirk, were primarily liable for the payment of the funeral expenses; that as permitted by statute, the respondent elected to pay the funeral expense award directly to the claimant rather than to the estate or to Mrs. Kirk; that the services were rendered to the estate and the widow and not to the respondent; that the charges made by the claimant were just and reasonable; that the claimant is not indebted to the respondent, and, therefore, the respondent is not entitled to an offset; and that the respondent’s recourse, if any, is against the estate of Harold A. Kirk, deceased, or his widow, Opal Kirk. Accordingly, an award is hereby made to the claimant, Leonard Johnson Funeral Home, Inc., in the amount of $1,200.00.
Award of $1,200.00.